Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:08-CV-010-KKC

AMADOR RIVERA                                                                                          PETITIONER

VS:              **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS, Warden                                                                        RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Amador Rivera, a prisoner proceeding *pro se*, initiated this action with a completed form for presenting a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and he has now paid the $5.00 District Court filing fee for a habeas proceeding.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

The Petitioner claims that the Federal Bureau of Investigation ("FBI"), the Government, the Courts, and Bureau of Prisons ("BOP") all have imposed an identity on him which is not his; he was convicted and is serving a sentence for a crime of which he is actually innocent.

BACKGROUND

A sampling of Amador Rivera's litigation history reveals that he has challenged his conviction and/or sentence several times on several grounds. On July 26, 1996, a jury convicted Rivera (a/k/a "Beast") of two counts of racketeering charges, conspiracy to commit murder, and conspiracy to distribute controlled substances, in the United States District Court for the District of Connecticut in *United States v. Rivera*, No. 3:94-CR-223 (PCD). On December 5, 1996, Petitioner was sentenced to three concurrent life terms of imprisonment. He appealed several purported errors by the trial court, primarily evidentiary matters, but the Second Circuit found no error. *See United States v. Rivera, et al.*, 112 F.3d 506 (2nd Cir. 1996) (unpublished); *United States v. Mendez, et al.*, 165 F.3d 15 (2nd Cir. 1998) (unpublished).

In 2001, proceeding *pro se*, Rivera moved the trial court to vacate, set aside or alter his sentence pursuant to 28 U.S.C. § 2255, on the ground that his sentences violated the recent ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the court had not made the requisite factual findings. On January 14, 2003, the court agreed, granted the Petitioner's Motion, and modified both the concurrent and consecutive sentences "for an effective sentence of forty years." *Rivera v. United States*, 2003 WL 22359252, at *3 (D.Conn. 2003) (not reported in F.Supp.2d).

Last year, the trial court summarized the Petitioner's court actions from the time that his successful Section 2255 Motion was granted:

> Petitioner has filed several additional motions since that time. On May 2, 2005, this Court issued a Ruling which, *inter alia,* denied a Motion for Reconsideration, and construed a Motion to Amend as a second or successive petition and transferred it to Court of Appeals for potential certification. *(See* Ruling on Pending Mots., May 2, 2005, Doc. No. 2315.) On November 7, 2005, this Court issued a Ruling denying Petitioner's Motion for Reconsideration of the May 2, 2005 Ruling. *(See* Ruling on Mot. Recons., Nov. 7, 2005, Doc. No. 2344.) Most recently, on December 19, 2006, this Court issued a Ruling transferring a Motion for Reconsideration to Court of Appeals as second or successive petition. In the motion, Petitioner requested that this Court make a determination as to his "venire" argument, raised for the first time in his § 2255 petition, and then transfer the motion to the Court of Appeals. The Court found that the issue was decided in this Court's April 6, 2001 Ruling, and need not be decided again. *(See* Ruling on Mot. Recons., Dec. 19, 2006, Doc. No. 2389.)

*United States v. Rivera*, 2007 WL 2471742, *1 (D.Conn. 2007) (slip. op.). As to the latest effort before it this time, the trial court wrote, "Petitioner now files another motion . . . , a Motion to Set Aside the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) . . . [arguing] that federal courts lack jurisdiction over criminal acts and it was therefore unconstitutional for this Court to sentence him for any criminal act." *Id.*

In the above-quoted opinion, the trial court found that, despite its label, the purported Rule 60 Motion was in reality a second or successive petition, as the Petitioner had brought the earlier Section 2255 proceeding, which had been fully adjudicated on the merits. Therefore, on August 30, 2007, consistent with 28 U.S.C. § 2244(b)(3)(C), the matter was transferred to the court of appeals for that court's authorization for the trial court to entertain the successive Motion.

Meanwhile, also during 2007, Rivera was in the process of exhausting the BOP administrative remedies so as to bring the instant "actual innocence" or "mistaken identity" claim to this Court, in the district in which he is in custody, pursuant to 28 U.S.C. § 2241. Having completed the administrative process, on January 15, 2008, Petitioner filed the Section 2241 action herein, raising a claim which he has apparently not raised earlier.

ALLEGATIONS OF THE PETITION

As his initial pleading herein, Rivera completed a form Section 2241 Petition and attached to it several documentary exhibits. The Court summarizes the allegations contained in these materials below.

Petitioner's writings on the petition form are broad, fragmentary accusations, the first page containing his claim that this Petition concerns "Identity issue/Inaccuracies in Court/B.O.P. records/offense date miscalculations/Fatal Variance of Conspiracy." On other pages of the Petition form, he writes of specific contradictions in his records, *i.e.*, the date of his offense, there being two social security numbers in his records, and "they (F.B.I. and, etc.) also imposed another F.B.I. # [incorrect number] which there's no telling where they got it from. Their records are inaccurate. Per, P.S.I. & J.C. Mr. Rivera is Actually innocent."

Petitioner's attachments are an undated FBI print-out showing a conflict in birth dates for an Armondo Rivera and the "alias," Amador Rivera, but with the same FBI number; an FBI print-out from November of 1996 regarding Armondo Rivera, again with the same FBI number; a BOP print-out showing the old, incorrect offense date; and the trial court's 2003 Judgment amending his sentence downward, the social security number for Amador Rivera thereon being contrasted with a different number on a social security document for Amador Rivera from the same year.

Rivera's other attachments are more helpful. The documents exchanged as Petitioner sought relief in the BOP administrative remedy program show that in March of 2007, Petitioner asked the BOP to correct his date of offense in BOP records and also requested that personnel contact the sentencing court regarding his FBI number and his Social Security Number, as they "belong to another person." BOP staff did so, according to the attached March 27, 2007 memorandum sent back to him.

The Warden later reviewed the staff's actions and formally reported to Rivera that his offense date was updated; the FBI verified his criminal history data; a fax of the FBI's fingerprint card for Rivera verified his identity; and the Court records were studied and were determined to support this Petitioner's being the person properly convicted and sentenced. "It would appear that you have used other dates of birth, socials and etc upon past arrest, as documented . . . . Further this information along with tattoos, scars and marks on current NCIC data verify your status."

Upon appeal of the Warden's administrative response, Remedy No. 449068, Petitioner stated that he was seeking an evidentiary hearing and immediate release based on "actual innocence." The BOP's Regional Director reported that the FBI had verified the fingerprints and his correct FBI number; additionally, the FBI reported that it would contact the sentencing court to correct the FBI number in its records, including Rivera's pre-sentence report ("PSI"); and other complained-of errors in the BOP's records, including his correct New Jersey number, had been corrected. The Director concluded, therefore,

4

that Petitioner's appeal had been granted, as he had received the correction which he had sought administratively.

Undeterred and "unsatisfied with their response," Rivera appealed to the BOP national office with the same request for a hearing and the same contention that he is actually innocent. On December 11, 2007, the Administrator of Inmate Appeals found that the preceding BOP officials had adequately responded and that, based on the Judgment from the Connecticut District Court, Petitioner's sentence had been correctly computed. "Any challenge to the legality of your sentence must be addressed to the sentencing court."

Despite being thus directed to the sentencing court, Petitioner has now come to this Court with his "actual innocence" claim. He seeks an evidentiary hearing, correction of his records, and release from further incarceration.

DISCUSSION

As a *pro se* pleading, the Petition herein is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The allegations in a *pro se* petition must be taken as true and construed in favor of the Petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

However, the lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion when ordered to do so by magistrate judge); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Rivera's main contention is that there has been a case of mistaken identity, *i.e.*, that he is not the Rivera whom the district court tried and sentenced and whom the BOP has now wrongly imprisoned for almost 12 years. Moreover, although he characterizes his attachments as documents showing that he is not the one convicted, mistaken identity is not supported by the allegations or the documents. The Petitioner's

5

submissions show only inconsistencies as to certain data going back to 1996, before either his appeal or subsequent motions to the trial court. Why did he not bring the identity issue to any of these proceedings?

Additionally, to the extent that the attached documents show discrepancies at all, they do not show that there are currently errors in any of his records. They show only that at one time there were errors or contradictions, *e.g.*, in 1996, 2003, and early 2007. He presents nothing showing that these errors still exist in any official documents, to his detriment. He presents nothing contrary to the BOP's statement that it had corrected the items which he had pointed out in 2007. Additionally, none of Rivera's allegations or documents support his claim that someone else was the culprit convicted, not he.

To the extent that the Petitioner faults the BOP for any errors in his records which affect the execution of his sentence to his detriment, his use of 28 U.S.C. § 2241 in this Court would be the appropriate vehicle. In the instant case, however, Petitioner has failed to state a claim. He offers no facts showing current errors to his detriment. Nor has he stated a claim under the necessary legal standards. Section 2241 provides habeas relief only if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Rivera has referred to no violations of the Constitution or laws or treaties of the United States.

Moreover, prisoners are not entitled to a correction of documents kept by the BOP. To the extent that there were errors in that agency's records, such as the FBI and social security numbers, the injunctive relief which the instant Petitioner seeks is not available. Other prisoners have sued regarding corrections under the Privacy Act, but that Act permits suits only for damages for violations, not for injunctive relief. *See Taylor v. Sniezek*, 2005 WL 1593671 at *2  (N.D. Oh. 2005) (not reported in F.Supp.2d) (citing 5 U.S.C. § 552a(g)(1)(C) and *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam)). Nor is such relief available to him under any other federal statute or the Constitution. *See Taylor,* 2005 WL 1593671 at *3; *Locklear v. Holland*,194 f3d 1313 (6th Cir. 1999) (Table).

6

This Court is of the opinion that the Petitioner is seeking to challenge his 1996 conviction and sentence yet again. What he has filed herein is actually a second or successive Section 2255 Motion, one which he has filed in the wrong court and without permission from the appellate court. Going one step further for the *pro se* litigant herein, the Court considers whether another portion of Section 2255, commonly called "the savings clause," can be utilized by this Petitioner.

The savings clause of Section 2255 provides that a federal court may use its Section 2241 jurisdiction to challenge the criminal judgment or sentence from another district court. But this exercise of jurisdiction is available only if the Petitioner can show that the remedy by a Section 2255 motion to the trial court is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit discussed the necessity for such a Petitioner to meet the "inadequate or ineffective" standard. It held that Section 2255 is not rendered an inadequate and ineffective remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction or sentence under pre-existing law. *Id.* at 756-58; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255, was denied relief, and is effectively barred from filing a second one. *Charles*, 180 F.3d at 756. Nor does a time bar make a Section 2255 motion inadequate or ineffective. *Id.*

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit added a second requirement to a prisoner's use of 28 U.S.C. § 2241 to raise a matter relating to the conviction or sentence obtained in another District Court. The appellate court ruled that in addition to showing that his remedy by Section 2255 is inadequate or ineffective, additionally, the prisoner must claim "actual innocence." The court defined this claim as arising when the petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute, such that there

7

is a risk that the petitioner was convicted of conduct that the law does not make illegal. Hence, the petitioner is "actually innocent" of the crime of which he was convicted.

These are high thresholds to cross, and the instant Petitioner has crossed neither. He offers no reason for why or how his remedy via an earlier Section 2255 motion must be deemed inadequate; nor has he claimed that there has been a change in the law interpreting the terms of any statute under which he was convicted. Rivera has used the term "actual innocence" but not in the manner necessary in order to use Section 2241 for a Section 2255 matter challenging his conviction or sentence. *See Parker v. Sniezek*, 2005 WL 2002358 (N.D. Ohio 2005) (not reported in F.Supp.2d.).

Because the instant Petitioner has failed to meet the minimal requirements for use of 28 U.S.C. § 2241 to challenge his sentence handed down elsewhere, the Court concludes that the Petitioner has also failed to state a savings clause claim upon which this Court may grant relief.

Accordingly, **IT IS ORDERED** as follows:

(1)     Amador Rivera's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     this action will be **DISMISSED**, *sua sponte*, from the Court's docket; and

(3)     Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 8th day of April, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge